Estate of E. Coray Henry, Deceased; Commercial Trust Company of New Jersey, Executor of the Last Will and Testament of E. Coray Henry, Deceased v. Commissioner.
Estate of Henry v. Commissioner
Docket No. 58627.
United States Tax Court
T.C. Memo 1957-79; 1957 Tax Ct. Memo LEXIS 172; 16 T.C.M. (CCH) 352; T.C.M. (RIA) 57079; May 17, 1957
Raymond A. Coleman, Esq., 15 Exchange Place, Jersey City, N.J., for the petitioner. John J. Hopkins, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $10,520.56 in estate tax. The only issue for decision is whether a gift of $30,000, made by the decedent to his housekeeper about 3 months before he died, was made in contemplation of death. Findings of Fact The estate tax return was filed with the collector of internal revenue for the fifth district of New Jersey. The decedent was born on February 2, 1858. He underwent an operation on April 6, 1948, for "Urinary retention with carcinoma of the prostate". A tube was inserted in his bladder which was used thereafter *173 to empty his bladder. He was discharged from the hospital on April 15, 1948, with the diagnois: 1. Carcinoma of prostate 2. Urinary retention 3. Chronic cystitis 4. Arteriosclerosis with marked cerebral involvement. The decedent continued to suffer from the above ailments until his death on December 30, 1950. It is stated on the death certificate that the disease or condition directly leading to his death was "Broncho Pneumonia" and that the antecedent cause was "carcinoma bladder". The decedent was attended by nurses 24 hours of the day from the time he left the hospital on April 15, 1948, until his death. He re-entered the hospital early in December 1950, returned home on December 26, 1950, and died four days later. Helen Meyer was born January 11, 1896. Her aunt was housekeeper for the decedent for a number of years, and Helen came to assist her aunt one day a week for about eight years until about 1947 when her aunt, because of illness, was no longer able to perform the duties of housekeeper, and Helen then took over as housekeeper and cook for the decedent. Helen continued from that time until the death of the decedent to act as his housekeeper and cook. The decedent, *174 after the operation in 1948, walked in a park near his home for a short time on days when the weather was fair, and occasionally Helen accompanied him. The decedent, after the operation, signed checks in payment of dividends to him and also wrote checks of his own. The decedent called Helen to his bedroom on September 19, 1950, and gave her his check for $30,000. He had told her several days previously that he was going to make her a gift because she was kind to him. Helen was not at that time a beneficiary under the decedent's will, but he executed a new will on October 5, 1950, in which he left to Helen his clothing and wearing apparel, made her the life beneficiary of a $60,000 trust and gave her the use and occupancy of his dwelling house and all furnishings thereof during her life, rent free, the house to be maintained by his estate, and otherwise provided for her. The decedent transferred to Helen $2,200 in 1948 in 3 transfers, the first on June 3rd, $1,500 in 1949 in 2 transfers, $7,400 in 1950 in 10 transfers prior to September 19, 1950, and $1,000 on September 23, 1950, in addition to the $30,000 transferred to her on September 19, 1950. The Commissioner, in determining *175 the deficiency, included the $30,000 in the gross estate as a transfer made in contemplation of death within the meaning of section 811(c) of the 1939 I.R.C.
The transfer of $30,000 by the decedent to Helen Meyer on September 19, 1950, was made in contemplation of death. The stipulation of facts, including the exhibits made a part thereof, is incorporated herein by this reference. Opinion MURDOCK, Judge: The Commissioner determined that the transfer of the $30,000 was made in contemplation of death, so the petitioner has the burden of proving otherwise and thus overcoming the presumption of correctness attaching to the Commissioner's determination. The parties were allowed 45 days within which to file original briefs but none was filed and consequently neither party has any reason to file a reply neither party has any reason to file a reply brief. The evidence has no tendency to show any motive connected with life which the decedent might have had in making the transfer in question. United States v. Wells, 283 U.S. 102. The evidence, on the contrary, gives rise to a strong inference supporting the Commissioner's determination that the transfer was made in contemplation *176 of death within the meaning of section 811(c). The decedent was approaching 93 years of age at the time of the gift, and for some time prior thereto had been suffering from a malignant prostate. He died a few months after making the gift. A catheter was installed in him at the time of the operation in 1948. He was constantly attended by nurses. His activities were limited. Apparently he had no close relative other than a cousin to be the object of his bounty. The gross estate, as corrected, amounted to $627,307.99, and the Commissioner allowed charitable deductions of $350,876.82. Helen Meyer kept his house, cooked for him, walked with him occasionally and was kind to him. There is no contention and no reason to suppose from this record that she was not paid ample wages as his servant, that the $30,000 was owed her for services or that the $30,000 was other than a gift. Decision will be entered for the respondent.